The proceedings sub judice commenced in the court below with the filing of a pleading entitled "Petition to Allocate Parental Rights and Responsibilities" on August 18, 1999, executed by both parties herein.[1]
This filing was accompanied by another document, which requested that the trial court "adopt" and "journalize" the administrative paternity and support orders already established by the Lawrence County Child Support Enforcement Agency [hereinafter CSEA]. The trial court, apparently without hearing, adopted and filed a journal entry, jointly submitted by the parties, which designated the mother as the primary residential parent, and ordered visitation, in accordance with visitation guidelines established by local rule. The trial court also adopted and filed a second, separate journal entry, apparently prepared and submitted by the CSEA, which established parentage and ordered payment of support.
Appellant's appeal is of the trial court's adoption of that second entry, ordering appellant's payment of child support. Appellant argues that the trial court failed to comply with R.C. 3113.215 in setting this order, because the court failed to prepare a child support worksheet, or to include this worksheet in the record. This Court was unable to locate such a child support worksheet in the record. It is on this basis that the majority reverses the decision of the trial court, and remands this matter for recalculation of support and the preparation of the required worksheet, in accordance with R.C. 3113.215. See DePalmo v. DePalmo
(1997), 78 Ohio St.3d 535, 679 N.E.2d 266, paragraph one of the syllabus.
I totally agree with the final resolution of this matter by the majority. This is fundamentally a complaint for custody, for which the Juvenile Court has exclusive, original jurisdiction. See 2151.23 (A)(2), where the Juvenile court has "exclusive original jurisdiction under the Revised Code" to "determine the custody of any child not a ward of another court of this state." Once custody is established, the court retains jurisdiction to set support. R.C. 2151.23 (B)(4).
I am, however, disturbed by the lack of any Uniform Child Custody Jurisdiction Act (UCCJA) affidavit in the record, as is required by R.C.3109.27. "The requirement in R.C. 3109.27 that a parent bringing an action for custody inform the court at the outset of any knowledge he has of custody proceedings pending in other jurisdictions is a mandatory jurisdictional prerequisite of such an action." Pasqualone v. Pasqualone
(1980), 63 Ohio St.2d 96, 406 N.E.2d 1121, paragraph one of the syllabus. In a proceeding for custody and support, the determination of one parent as the custodial parent is a necessary jurisdictional prerequisite to permit the court to establish a final order of support.
Furthermore, I question the unusual procedure utilized to vest jurisdiction in the court below. The "Petition to Adopt and Journalize Administrative Paternity and Support Orders" as well as the "Stipulated Judgment Entry" adopting those orders are both signed by counsel for the CSEA, and were apparently prepared and submitted by that agency. While the "Petition to Allocate Parental Rights and Responsibilities" is signed by the parties, it is captioned as an "administrative paternity" and was apparently prepared by the CSEA as well. I am unaware of any statute authorizing such a procedure, nor am I aware of any statute authorizing the CSEA to file "private" custody actions.[2] Finally, what purports to be appellee Darrita Rae King's brief has also apparently been prepared, and submitted for consideration by this Court, by counsel for the CSEA.
The State has a direct interest in the establishment of parentage and support, and the CSEA is a proper party to support enforcement actions.Cuyahoga Cty. Support Enforcement Agency v. Lozada (1995),102 Ohio App.3d 442, 448, 657 N.E.2d 372, 376. This Court has found, however, that counsel for the CSEA may only represent the interests of the State of Ohio in child support proceedings. A CSEA attorney may not simultaneously represent the interests of the state and of one party to that child support order. Blankenship v. Blankenship (Dec. 8, 1992), Adams App. No. 528, unreported.
The procedure utilized in the court below calls into question just whose interests the CSEA counsel represents. Does she represent the CSEA, the appellee, or both? As this Court noted in Blankenship, supra, a future change of custody in the case sub judice may place the CSEA counsel in a direct conflict of interest. Should the appellant obtain custody and seek a support order, the CSEA counsel would then be obligated to seek the maximum support order allowed under state guidelines from the appellee, in order to keep father and child off welfare. By contrast, appellee's best interest would then be to seek the lowest support order possible. Clearly, these interests are in conflict. See Opinion No. 90-10 (June 15, 1990), Ohio Supreme Court Board of Commissioners on Grievances and Discipline.
With the reservations expressed above, I concur in the decision of the majority to remand this matter to the Juvenile Court of Lawrence County for further appropriate action.
[1] This "petition" bears the file stamp of the Lawrence County Common Pleas Court, Probate Division, as do all other filings in the court below. I am assuming that the probate court file stamp is a clerical error, since the Juvenile Court, pursuant to R.C. 2151.23, has jurisdiction over custody and support matters, while R.C. 2105.18, the statute conferring authority upon the probate court to legitimize a child, was repealed effective January 1, 1998. Parents must now file an acknowledgement of paternity with the Department of Human Services. R.C.5101.314. That department forwards the acknowledgement to the Bureau of Vital Statistics for recording.
[2] That is, where there are no allegations that the child is an abused, neglected or dependent child and the State otherwise lacks a direct interest in the custody proceedings.